**UNITED STATES of America, Appellee,**

v.

**Alvin R. CAMPBELL,**
**Defendant, Appellant.**

**No. 84–2029.**

United States Court of Appeals,
First Circuit.

Argued June 7, 1985.

Decided June 26, 1985.

Susan L. Crockin, Boston, Mass., for defendant, appellant.

Sidney M. Glazer, Dept. of Justice, Washington, D.C., with whom Stephen S. Trott, Asst. Atty. Gen., Dept. of Justice, and Patrick M. Walsh, Sp. Atty., Dept. of Justice, Boston, Mass., were on brief for appellee.

Before CAMPBELL, Chief Judge, RUBIN * and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Defendant Campbell, charged with federal firearms offenses and having received a new trial, *United States v. Campbell*, 732 F.2d 1017 (1st Cir.1984), appeals his subsequent convictions. His basic claim is that the prosecutor's use of peremptory challenges to exclude the only two black members of the jury panel deprived him of a fair trial guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution.

The record shows that the jury panel consisted of twenty-eight persons of whom two were black. The prosecutor, exercising his six peremptory challenges, chal-

* Of the Fifth Circuit, sitting by designation.

lenged both black members, Bruce Dixon and Jeffrey Kennedy. Appellant's counsel objected, raising the issue of racial discrimination; the prosecutor denied racial prejudice, stating that there were "other people ... we'd rather have on the jury, that's all;" but the court, stating that it took "this motion seriously," offered appellant a mistrial, which appellant refused to accept.

Subsequently, the government withdrew its objection to Mr. Dixon, one of the black panel members; but appellant continued to insist that the government accept panelist Kennedy as well. The court then embarked upon a hearing. It offered appellant's counsel an opportunity to call its attention to any relevant facts, to question the prosecutor, and to present additional evidence. The court itself asked the prosecutor why he had peremptorily challenged the black panelists. The prosecutor initially said he had done so because of their youth. He agreed that he had not objected to two other young people on the panel, but he pointed out that he had only six peremptory challenges available. Toward the end of the hearing, the prosecutor was asked to focus on his reason for objecting to panelist Kennedy but not to other younger members of the panel. The prosecutor then said that his selection of panelist Kennedy rested on Mr. Kennedy's "demeanor" when being questioned about his mother having been the victim of a crime, on a "lot of intangible factors" going into an "analysis of the remaining people who were on the jury panel," and on the "vibrations or the feeling I got when we were all together and he was addressing the Court...." The court then made a "factfinding" that "the Government's purpose in challenging both of the black jurors was not racially motivated," and "the Government's action in initially seeking to challenge both blacks was not on racial grounds." The court consequently refused to require Mr. Kennedy's selection for the jury.

■ As appellant concedes, under presently existing Supreme Court precedent, he cannot prevail on this appeal, for he has not shown "the prosecutor's *systematic*

use of peremptory challenges" against blacks "over a period of time." *Swain v. Alabama,* 380 U.S. 202, 227, 85 S.Ct. 824, 839, 13 L.Ed.2d 759 (1965) (emphasis added). Under *Swain,* such a showing is a necessary prerequisite to any constitutionally-based challenge of the prosecutor's use of peremptory challenges as racially motivated. But, appellant notes that lower federal courts have recently issued rulings that run contrary to *Swain, see McCray v. Abrams,* 750 F.2d 1113 (2d Cir.1984), *cert. pending,* No. 84–1426; *United States v. Leslie,* 759 F.2d 366 (5th Cir.1985), *rehearing en banc pending;* and, the Supreme Court has granted certiorari in *Batson v. Kentucky,* —— U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985), presumably in order to reexamine its holding in *Swain.*

■ These facts, however, do not help appellant for two reasons. First, the district court, in this case, investigated the 'racial' allegation in as much detail and with as much sensitivity as any revision of *Swain*'s restrictive rule is likely to require. The court, after applying the procedures we have just described, judged the evidence in light of a standard that recognized the importance of avoiding racial discrimination. The court stated, for example:

> Accepting your arguments that, given the way this came about, I should impose on him [the prosecutor] a heavy burden of showing his good faith, I nevertheless find that he is seeking in good faith to exercise one of these peremptories on nonracial grounds. . . .

It added:

> On this matter, I start accepting the proposition that I should apply a rebuttable presumption when all of the blacks on the panel are stricken peremptorily, a rebuttable presumption that it is racially motivated, and then should proceed to consider the evidence that is offered before me to rebut that presumption and to make a finding upon it. . . .

This evidentiary standard is adequate even under *McCray,* where the Second Circuit, departing from *Swain,* wrote that once a "defendant establishes a prima facie case,

the burden of proof shifts to the State to rebut the presumption of unconstitutional action." The *McCray* court added:

> In order to rebut the defendant's showing, the prosecutor need not show a reason rising to the level of cause. There are any number of bases on which a party may believe, not unreasonably, that a prospective juror may have some slight bias that would not support a challenge for cause but that would make excusing him or her desirable. Such reasons, if they appear to be genuine, should be accepted by the court, which will bear the responsibility of assessing the genuineness of the prosecutor's response and of being alert to reasons that are pretextual.

*McCray v. Abrams,* 750 F.2d at 1132.

Second, the district court's findings are adequately supported in the record before us. The prosecutor provided a statement of reasons explaining his challenges. Evaluating those reasons requires an assessment of credibility, a matter within the special competence of the district court. Although the appellant argues that the prosecutor changed his reasons as the hearing progressed, in context, the "changes" might be viewed as elaborations, enunciated as called for by the questions of court or counsel. *Compare United States v. Leslie,* 759 F.2d at 374 (departing from *Swain,* but noting that the "district court bears the responsibility" of deciding and "the district court" must "determine" whether a prosecutor has used peremptory challenges for unjustifiable, racially discriminatory reasons). In sum, with *Swain* or without, the district court's actions in this case are legally proper.

We also note that in a separate brief appellant (*pro se*) argues that the district court should have suppressed certain evidence and should not have found appellant in contempt for refusing to supply handwriting samples. This court addressed both of these matters in its earlier opinion, *United States v. Campbell,* 732 F.2d at 1020, 1021. The district court followed the principles set forth in that opinion; and its

decisions on these matters were legally correct.

For these reasons, the judgment of the district court is

*Affirmed.*