**UNITED STATES of America, Appellee,**

v.

**Gary JOHN, Defendant, Appellant.**

**No. 84–1310.**

United States Court of Appeals, First Circuit.

Argued Nov. 12, 1985.

Decided Dec. 19, 1985.

Willie J. Davis, Boston, Mass., for defendant, appellant.

Michael K. Loucks, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and WYZANSKI,* Senior District Judge.

WYZANSKI, Senior District Judge.

Gary John, defendant-appellant, having been found guilty by a jury and sentenced by the district judge on one count for conspiracy and on a second count for possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 846, appeals his conviction on the sole ground that, over objection, the trial judge sustained the government's peremptory challenge to a

single black juror who was called from the venire to the jury box.

The precise issue, as both the appellant and the government agree, is exceedingly narrow: there being no evidence or suggestion that at any stage—the preparation of the jury list, the summoning of the venire, the seating of the jury, or elsewhere—the government or any other has *systematically* excluded blacks or others on account of race, is it objectionable for the government to use one of its peremptory challenges to unseat a black, called from the venire into the jury box, without giving a more specific reason than the prosecution's unexamined statement to the court that "I just didn't like the apparent attitude of the juror"?

The facts upon which the issue is raised are adequately set forth in the question just stated.

As the question implies, the appellant's counsel did not trouble to cite any constitutional or statutory provision. But we may indulge the appellant by assuming that all parties and the court itself were mindful of the Fifth and Sixth Amendments to the United States Constitution, of 18 U.S.C. § 243, of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), of the issues raised in the then as-yet undecided case of *United States v. Campbell,* 766 F.2d 26 (1st Cir.1985), and of opinions in many cases related to *Swain* which had been decided by inferior federal courts, some of which are currently under review in the Supreme Court of the United States.

Because of the narrowness of the issue before us, we see no reason to await further illumination by the Supreme Court of the United States.

Neither the majority nor minority opinions in *Swain,* nor any of the opinions of lower court judges of which we are apprised, has ever intimated that a prosecutorial *single* peremptory challenge of a black juror raises a presumption of racial bias by the prosecutor or is in violation of any constitutional, statutory, or judicial rule.

---

* Of the District of Massachusetts, sitting by designation.

The *mere* fact that a single challenged juror *is* black does not support a presumption that he has been challenged *because* he is black. The situation where a single black is challenged differs from one where several blacks are challenged. In the case of the unexplained challenge of a single black there is no basis other than suspicion for presuming racial bias. This is true whether among those called for jury service there was only one black or many blacks. However, where several blacks are challenged it is possible to calculate the proportion of blacks challenged to blacks called, and then to see how that compares with the proportion of whites challenged to whites called. A marked discrepancy indicating a much higher percentage of blacks being challenged might furnish a rebuttable presumption of racial bias. The different proportion might demand from the challenger an explanation. *See* authorities collected in *Swain v. Alabama, supra.*

*Affirmed.*