873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alvin R. CAMPBELL, Petitioner-Appellant,
v.
Jeffrey J. CLARK, Respondent-Appellee.
 No. 88-7783.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 6, 1989.
Decided: April 12, 1989.
 
 Alvin R. Campbell, appellant pro se.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alvin R. Campbell, a federal inmate, appeals the judgment of the district court dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2241. Campbell was convicted in the United States District Court for the District of Massachusetts of several firearms violations. His convictions were affirmed on direct appeal. United States v. Campbell, 766 F.2d 26 (1st Cir.1985). Campbell subsequently brought a postconviction motion, pursuant to 28 U.S.C. Sec. 2255, in the Massachusetts district court, which denied relief. The district court's denial of the Sec. 2255 motion was affirmed on appeal. Campbell v. United States, No. 87-1864 (1st Cir. May 5, 1988) (unpublished). In his Sec. 2241 petition filed in the United States District Court for the Eastern District of Virginia, Campbell sought to challenge his Massachusetts conviction. The district court denied relief, finding that Campbell had not shown that a Sec. 2255 motion in the sentencing court was an inadequate or ineffective remedy for testing his detention. We agree and affirm.
 
 
 2
 Generally, if a prisoner is authorized to apply for relief under 28 U.S.C. Sec. 2255, a Sec. 2241 habeas application will not be entertained unless the Sec. 2255 remedy is "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. Sec. 2255; Swain v. Pressley, 430 U.S. 372, 381 (1977).
 
 
 3
 In the papers filed in the Virginia district court, Campbell argued that a Sec. 2255 motion in the Massachusetts district court, the sentencing court, is inadequate based on that court's treatment of a previously filed Sec. 2255 motion. Apparently, in an earlier motion, the Massachusetts court declined to reconsider certain of Campbell's claims on the grounds that Campbell had been denied relief by the First Circuit Court of Appeals when the claims were presented on direct appeal. Campbell concluded, therefore, that the Massachusetts district court's reliance on the First Circuit Court of Appeals' reasoning to dismiss a number of his claims when they were presented to that court in his Sec. 2255 motion, constituted the application of the doctrine of res judicata. Because the doctrine of res judicata is inapplicable to motions for Sec. 2255 relief, Campbell concludes that the Sec. 2255 remedy is inadequate or ineffective.
 
 
 4
 We believe that Campbell has misconstrued the effect of the Massachusetts courts' rulings. Campbell is correct that the doctrine of res judicata does not apply to motions for postconviction relief brought pursuant to Sec. 2255. A successive Sec. 2255 motion can be denied based upon a prior determination only if the following criteria are satisfied: (1) The same ground presented in the subsequent application was determined adversely to the movant; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. 1, 15-17 (1963). The district court has discretion, however, to dismiss a Sec. 2255 claim if failure to raise the claim in any prior Sec. 2255 motion constituted an abuse of the Sec. 2255 procedure. See Rule 9 of the rules governing Sec. 2255 proceedings in the United States district courts.
 
 
 5
 Nothing in the record before us indicates that the Massachusetts District Court has closed its doors to any successive Sec. 2255 motion that Campbell may choose to bring. The mere fact that Campbell interprets certain language in the decision denying his previous Sec. 2255 motion to be an application of the doctrine of res judicata, does not render the Sec. 2255 remedy in the Massachusetts District Court to be inadequate or ineffective to test the legality of his detention. Moreover, nothing in this record indicates that the First Circuit Court of Appeals is refusing to consider any appeals from unfavorable judgments rendered by the Massachusetts District Court.
 
 
 6
 Accordingly, we conclude that the district court properly refused to consider the validity of Campbell's conviction and sentences under Sec. 2241. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 7
 AFFIRMED.